# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**                                                                      www.innd.uscourts.gov

February 1, 2022

Stephanie D. Ahmad PHV
Todd D. Wozniak PHV
Greenberg Traurig LLP PA/CA
1900 University Ave 5th Fl
East Palo Alto, CA 94303

**RE:**   **Miller v. Amazon Corporate LLC Long-Term Disability Plan, et al.**
          **Case No. 1:19-CV-00178**

Dear Counsel,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Amazon. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,

/s/ Gary T. Bell
Gary T. Bell
Clerk of Court
Northern District of Indiana

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**                                                                                          www.innd.uscourts.gov

February 1, 2022

Jacqueline J. Herring
W. Sebastian von Schleicher
Smith von Schleicher & Associates
180 North LaSalle St Suite 3130
Chicago, IL 60601
jackie.herring@svs-law.com

**RE:**   **Miller v. Amazon Corporate LLC Long-Term Disability Plan, et al.**
          **Case No. 1:19-CV-00178**

Dear Counsel,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Amazon. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,

/s/ Gary T. Bell_____
Gary T. Bell
Clerk of Court
Northern District of Indiana

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**                                                                 www.innd.uscourts.gov

February 1, 2022

John C. Theisen
Nathaniel O. Hubley
Robert B. Garrett
Theisen & Associates LLC
810 S Calhoun St Ste 200
Fort Wayne, IN 46802

> RE:   Miller v. Amazon Corporate LLC Long-Term Disability Plan, et al.
>         Case No. 1:19-CV-00178

Dear Counsel,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Amazon. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,


/s/ Gary T. Bell
Gary T. Bell
Clerk of Court
Northern District of Indiana

2